**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LANELL SEWER JR., *an individual*,                         Plaintiff, v. GENERAL MOTORS LLC, *a Delaware limited liability company*, et al.                   Defendants. | **NO. 2:25-cv-09391-KS** **MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND [DKT. NO.10]** |

Before the Court for resolution is Plaintiff's Motion to Remand this matter to the California Superior Court. For the reasons outlined below, the Motion is DENIED.

**ALLEGATIONS OF THE COMPLAINT**

Plaintiff alleges that in January 2017, he purchased a 2017 Chevrolet Silverado (the "Vehicle") that was manufactured and/or distributed by Defendant. (Dkt. No. 1-1 ¶ 9.) Plaintiff further alleges that when he purchased the Vehicle, he "received express written warranties in which Defendant undertook to preserve or maintain the utility or performance of [the Vehicle] or to provide compensation if there is a failure in utility or performance for a specified period of time." (*Id.* ¶11.) Plaintiff asserts that "[d]uring Plaintiff's ownership of

1

the [Vehicle], the [Vehicle] manifested defects covered by Defendant's express written warranties" and On November 7, 2025, the Court issued an order [Dkt. 8] providing for hat these defects "substantially impair[ed] the use, value, and /or safety of the [Vehicle]." (*Id.* ¶12.)

Plaintiff alleges that he delivered the Vehicle to Defendant and/or its authorized service and repair facilities for diagnosis and repair of the defects, but Defendant failed to repair the Vehicle "to conform to the applicable express warranties after a reasonable number of opportunities to do so" and "failed to promptly replace the Vehicle or make restitution to Plaintiff as required by Civil Code Section 1793.2(d)." (*Id.* ¶¶ 13-15.) Plaintiff maintains that he has been damaged by Defendant's failure to replace the Vehicle or make restitution.

The Complaint asserts five causes of action against Defendant for violations of: (1) Civil Code section 1793(d); (2) Civil Code section 1793.2(b); (3) Civil Code section 1793.2(a)(3); (4) breach of the implied warranty of merchantability under Civil Code sections 17691.1 and 1794; and (5) violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301-2312 ("MMWA"). (*Id.* ¶¶ 8-44.) Plaintiff seeks actual damages, restitution, consequential and incidental damages, remedies authorized under California Commercial Code sections 2711, 2712, and/or 2713, along with costs and expenses of the suit, reasonable attorneys' fees, prejudgment interest, and "such other equitable or legal relief as the Court may deem proper." (*Id.* at 6.)

## BACKGROUND RE: REMOVAL

Plaintiff, a resident of Los Angeles, California, commenced this "Lemon Law" action against Defendant, a limited liability company incorporated and organized under the laws of the State of Delaware, in the Superior Court of California, County of Los Angeles, on March

27, 2025.  (Dkt. No. 1-1.)  On July 17, 2025, Defendant filed an Answer to Plaintiff's Complaint in the Superior Court of the State of California for the County of Los Angeles. (Dkt. No. 10-2.)  On October 2, 2025, Defendant filed a Notice of Removal from the Los Angeles County Superior Court to this federal court pursuant to 28 U.S.C. §§ 1331 and 1441.  (Dkt. No. 1.)

In the Notice of Removal, Defendant notes that MMWA carries a $50,000 jurisdictional threshold and emphasizes that Plaintiff's Complaint is indeterminate as to the amount in controversy because Plaintiff "does not specify the value of the vehicle, the measure of damages recoverable under the Commercial Code, nor the value of attorney's fees at issue."  (Dkt. No. 1 at 2.)  Defendant nonetheless states that removal is proper because "[i]n the last 30 days, GM, through counsel, conducted an investigation into the amount in controversy recoverable under Plaintiff's MMWA claim, including an assessment of attorney's fees at stake, and concluded that the amount in controversy exceeds the $50,000 MMWA threshold" (*Id.*)  Accordingly, Defendant represents that this court has federal jurisdiction pursuant to 28 U.S.C. § 1331 based on Plaintiff's MMWA claims against Defendant because the amount in controversy exceeds $50,000.  (*Id.*)

## THE MOTION

Plaintiff argues that Defendant's removal was improper and that remand is warranted on both procedural and substantive grounds.  Procedurally, Plaintiff maintains that "Defendant waived its right to remove under 28 U.S.C. § 1446(b)(1) by failing to file a notice of removal within 30 days of receiving Plaintiff's Complaint, which asserted a federal cause of action under the Magnuson-Moss Warranty Act."  (Dkt. No. 10 at 1-5.)  Substantively, Plaintiff contends that removal here was improper because the amount in controversy is readily "ascertainable on the face of the Complaint" and Defendant has not met its burden to establish that the amount in controversy exceeds $50,000.  (*Id*. at 6-8.)

In its Opposition, Defendant points out that Plaintiff's reliance on *Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992) "for the proposition that removal statutes must be strictly construed against removal when considering procedural exceptions like timeliness—is wrong." (Dkt. No. 14 at 1.)  Defendant notes that in *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 697-98 (2003), the High Court "clarified that strict construction applies only to questions of *original* federal jurisdiction, not to *procedural* exceptions created by Congress[.]" (*Id*. (emphasis added).)  Moreover, Defendant points to post-*Gaus* Ninth Circuit decisions that emphasize that "doubts as to whether the 30-day removal window was triggered must be resolved in defendant's favor."  (*Id*.)[1]

In his Reply, Plaintiff reiterates that Defendant has failed "to calculate an amount in controversy over $50,000" and thus fails to meet its heavy burden to demonstrate that the required amount-in-controversy for removal jurisdiction has been satisfied.  (Dkt. No. 15 at 1.)  Plaintiff argues that "Defendant's assertion that $17,900.50 is a valid and appropriate estimate of Plaintiff's *actual* damages is fatally speculative[.]"  (*Id*.)  Plaintiff insists that "Defendant offers no competent evidence quantifying damages or fees."  (*Id*.)  Plaintiff emphasizes that Defendant has presented no "specific facts regarding the Subject Vehicle's sales agreement and actual use."  (*Id*.)  In support of his argument, Plaintiff relies upon several decisions where courts required detailed information not only about amounts owed under a sales contract or agreement, but evidence of actual payments made to establish actual damages.  (*Id.* (internal citations omitted).)  Plaintiff also emphasizes that Defendant has failed to establish an amount of prospective attorneys' fees sufficient to meet the jurisdictional amount in controversy.  (*Id.* at 2.)

\\

---

[1]  Defendant's argument relies on decisions in *Dietrich v. Boeing Co*., 14 F.4th 1089, 1094 (9th Cir. 2021); *Harris v. Bankers Life & Cas. Co*., 425 F.3d 689 (9th Cir. 2005); *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136 (9th Cir. 2013); and *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121 (9th Cir. 2013). (*See* Dkt. No. 14 at 1.)

Plaintiff also argues that Defendant fails to address the split authority in the Ninth Circuit as to whether prospective attorneys' fees should be included in the amount in controversy. (*Id.* (citing, *inter alia*, *MIC Philberts Invs. v. Am. Cas. Co. of Reading, Pa.*, No. 1:12-CV-0131 AWI-BAM, 2012 WL 2118239 (E.D. Cal. June 11, 2012) and *Grieff v. Brigandi Coin Co.*, No. C14-214 RAJ, 2014 WL 2608209 (W.D. Wash. June 11, 2014)).) Plaintiff argues that even if prospective fees could be included in the amount in controversy, Defendant has not carried its evidentiary burden on removal. Plaintiff insists that Defendant's assertions regarding any potential amount of attorneys' fees that may be awarded are purely speculative and wholly unsubstantiated. Plaintiff argues that Defendant's motion has not presented any evidence regarding "plaintiff's counsel's hourly rates" or " an estimate of the amount of time each major task will take" and has made no effort to compare or analogize the facts and circumstances of this case to any other potentially relevant case. (*Id.* at 3-4.) Plaintiff also contends that Defendant's estimation that "Plaintiff will seek at least $9,500 for costs incurred in this action" before its resolution is pure speculation, and under 15 U.S.C. § 2310(d)(3)(B), these costs are expressly excluded from the amount in controversy. (*Id.* at 4-5.) Accordingly, Plaintiff maintains that federal jurisdiction must be rejected, and Plaintiff's Motion should be granted. (*Id.* at 5.)

## LEGAL STANDARDS

"Federal courts are courts of limited jurisdiction, defined (within constitutional bounds) by federal statute." *McNeil v. Gittere*, 150 F.4th 1205, 1207 (9th Cir. 2025 (citing *Badgerow v. Walters*, 596 U.S. 1, 7 (2022)). Thus, this court has an independent obligation to ensure its own jurisdiction over matters before it. *United States v. Ceja-Pardo*, F.3d 1046, 1049 (9th Cir. 2003). "District courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331.

\\

5

As applicable here, 28 U.S.C. § 1446 provides three pathways for removal based on when the basis for removal becomes ascertainable by the defendant:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting for the claim of relief upon which such action or proceeding is based, or with in 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served upon the defendant, whichever period is shorter.

28 U.S.C. § 1446(b);

> (2) If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper form which it may first be ascertained that the case is one which is or has become removable.

*Id.* § 1446(b)(3);

> (3) When removal is based on diversity of citizenship, a case may not be removed under subsection (b)(C) on the basis of jurisdiction conferred by section 1332 *more than 1 year after commencement of the action*, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

*Id.* § 1446(c)(1) (emphasis added). When, as here, removal is based on jurisdiction conferred by section 1332(a), "the sum demanded in good faith in the initial pleading shall be deemed

to be the amount in controversy, except that . . . removal of an action is proper on the basis of an amount in controversy . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)."  *Id.* § 1446(c)(2)(B).

**DISCUSSION**

Here, Plaintiff's jurisdictional challenge in the Motion addresses two essential and intertwined issues.  First, whether Defendant's removal was timely, and second, even if removal was timely, whether the requisite $50,000 amount in controversy under the MMWA is satisfied.

It is axiomatic that "the burden is on the party removing the case from state court to show the exercise of federal jurisdiction is appropriate."  *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 399 (9th Cir. 2010).  Plaintiff contends that Defendant has failed to meet its burden.  Here, it is apparent on the face of the Complaint that the parties are geographically diverse and that Plaintiff has alleged a violation of federal law, namely, the MMWA, along with violations of California Commercial Code sections "2711, 2712 and/or 2713." (Compl. at ¶¶ 2, 4, 34-41.)   The salient issue raised in the Motion is whether the MMWA's jurisdictional threshold of $50,000 is satisfied and whether that jurisdictional amount was sufficiently evident to have triggered §1446(b)'s 30-day removal clock or whether Defendant's Notice of Removal was timely under the longer, 1-year removal period afforded under §1446(c)(3).

**I.     Defendant's Removal Was Timely**

According to Plaintiff, remand is required here because the Complaint asserts a cause of action under the MMWA, which is a cause of action entirely independent of any California

state remedy and does not turn on any use of state law, and this "independent claim under the Federal [MMWA] formed the basis of federal question jurisdiction as initially filed on March 27, 2025." (Dkt. No. 10 at 5.) Thus, Plaintiff argues that Defendant's removal was untimely under 28 U.S.C. § 1446(b)(1), which requires a party to remove an action within 30 days after service of summons or complaint. (*Id.* at 2.) Plaintiff points out that Defendant filed an Answer to the Complaint in the California Superior Court on July 17, 2025, yet did not file a Notice of Removal until October 3, 2025—"154 days after the 30-day deadline under 28 U.S.C. § 1446(b)(1).) (*Id.* at 2 (citing Declaration of Michelle Yang ("Yang Decl."), Dkt. No. 10-1 ¶ 7).) Plaintiff, relying on the Supreme Court's analysis in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 573 U.S. 81 (2014), argues that remand to California state court is required because "Defendant had sufficient information to plausibly allege satisfaction of the jurisdictional threshold" and, therefore, Defendant was required to seek removal of the action within the statutory 30-day window. (*Id.*)

Defendant argues, however, that Plaintiff "confuses the plausibility standard by which a notice of removal is assessed with the standard to trigger the 30-day deadline under 28 U.S.C. § 1446(c)(1)." (Dkt. No. 14 at 5.) Defendant, relying on the Ninth Circuit's analyses in *Harris*, *Kuxhausen,* and *Roth*, responds that because the Complaint "contains no values from which GM or the Court can determine whether the amount in controversy threshold is met," the 30-day removal clock under § 1446(b) was not triggered by service of the Complaint. (Dkt. No. 14 at 3.) Indeed, in *Harris,* the Ninth Circuit held that the 30-day removal period under 28 U.S.C. § 1446 begins to run "from defendant's receipt of the initial pleading *only* when that pleading affirmatively reveals on its face facts necessary for federal court jurisdiction." *Harris v Bankers Life & Cas. Co.*, 425 F.3d 689, 691 (9th Cir. 2005) (emphasis added) (internal citations omitted); *see also Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 (9th Cir. 2013) (citing *Harris* to conclude that removing defendant was not obligated to supply information that the plaintiff had omitted).

In *Kuxhausen*, the Ninth Circuit stated its policy concern to avoid collateral litigation over whether a pleading presented sufficient "clues" regarding the jurisdiction amount or whether defendants had sufficient subjective knowledge to trigger removal within the 30-day period, and "concluded that plaintiffs should bear the costs associated with their own indeterminate pleadings." (*Id.* (citing *Kuxhausen,* 707 F.3d at 1141).)   Furthermore, as Defendant correctly emphasizes, after *Gaus*, any "doubts as to whether the 30-day removal window was triggered must be resolved in defendant's favor." (*Id.* at 1.)

In *Dietrich*, the Ninth Circuit emphasized that an amended pleading, motion, order, or other papers must make a ground for removal *unequivocally clear and certain* before the removal clock begins to run under § 1446(b)(3). *Deitrich v. Boeing Co.,* 14 F.4th 1089, 1091 (9th Cir. 2021) (emphasis added). Thus, Defendant maintains that its Notice of Removal was timely based upon "reading 28 U.S.C. § 1446 together with 28 U.S.C. § 1441 and permits removal subject to diversity jurisdiction at any time, so long as neither 30-day deadline was triggered and then lapsed." (*Id.* at 6.) This alternative removal pathway relies upon the 1-year removal period afforded under § 1446(c)(1).

The Ninth Circuit has also expressly rejected Plaintiff's argument that Defendant's "sophistication in the market valuation of vehicles it manufactures and sells" should have put Defendant on notice that the amount in controversy was sufficient to have triggered removal during the 30-day period. (*Id.*) As Defendant emphasizes, *Kuxhausen* and *Harris*, both established that Defendant's "subjective knowledge of the value of the vehicles it manufactures is irrelevant to 28 U.S.C. § 1446(b) triggers." (*Id.* at 13). Plaintiff cites no authority that persuades this Court to conclude differently in this case.

Therefore, after reviewing the Complaint, the parties' arguments, the relevant statutes and case law, the Court concludes that the 30-day removal period was not triggered here and that the Notice of Removal was timely based on the 1-year removal period provided under §

1446(c). Having found the removal timely, the Court next considers whether Defendant has adequately established that the amount in controversy supports federal jurisdiction.

## II.      The Amount in Controversy Supports Federal Jurisdiction

The Supreme Court has held that a removing party's notice of removal does not need to include affirmative proof of its amount-in-controversy allegation. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). In *Dart*, the High Court reasoned that because "§ 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure, a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* Further, section § 1446(c) (2)(B) only requires evidence establishing the amount in controversy, when as here, a plaintiff challenges, or the court questions, the defendant's. *See* 28 U.S.C. § 1446(c) (2)(B).

As noted above, the Complaint does not allege any specific amount in controversy, and Defendant argues that Plaintiff has left the amount in controversy deliberately ambiguous. (Dkt. No. 14 at 4.) Plaintiff identifies neither the purchase price of the Vehicle nor any amounts that Plaintiff spent to purchase, insure, or maintain, the Vehicle. (*Id*.) Defendant asserts that in seeking remand, Plaintiff makes two contradictory arguments: (1) it should have been obvious to Defendant that the amount in controversy "does exceed $50,000" so Defendant's removal was untimely and procedurally defective; and (2) it should have been obvious to Defendant that the amount in controversy did not exceed $50,000 and, therefore, the action should be remanded for lack of subject matter jurisdiction. (*Id.* at 2 (emphasis added).) For the reasons discussed below, both Plaintiff's arguments fail.

As an initial matter, Defendant rejects Plaintiff's contention that the burden to establish federal jurisdiction is a heavy one. (*Id.*) Relying on the Ninth Circuit's analysis in

*Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403 (9th Cir. 1996), Defendant insists it only needs to prove facts to support jurisdiction by a preponderance of the evidence. (*Id.*)

In *Carvalho,* the Ninth Circuit held that a plaintiff bears the burden to establish procedural untimeliness by pointing to a document that the plaintiff served *after* filing the Complaint that unequivocally establishes facts that would trigger a removal deadline. *Carvalho v. Equifax Info., Servs., LLC*, 629 F.3d 876, 886 (9th Cir. 2010). As discussed above, Plaintiff points to no information whatsoever in the Complaint about the value of the vehicle or any other quantum of damages he seeks to recover. Plaintiff argues that Defendant could have surmised the amount in controversy would exceed the jurisdictional amount because he indicated the civil cover sheet submitted with its initial filing in the California Superior Court that he seeks more than $35,000. But, as Defendant emphasizes, federal courts have uniformly rejected this argument. (Dkt. No. 14 at 13 (internal citations omitted).)

Thus, with no information in the Complaint stating the amount in controversy, Defendant looks to the remedies available under MMWA to reason that the amount in controversy here meets or exceeds the $50,000 jurisdictional threshold. (*Id.* at 11 (citing *Kelly v Fleetwood Enters.*, 377 F.3d 1034, 1037 (9th Cir. 2004)).)[2] First, Defendant notes that the purchase price of the Vehicle was $44,333.50. (*Id.* at 14 (citing Declaration Of Thomas V. Wynsma ("Wynsma Decl."), Dkt. No. 14-1 ¶ 2, Ex. A).) When Plaintiff first presented the Vehicle for repair related to the defect alleged in the Complaint, the Vehicle had 420 miles on the odometer. (*Id.*) Defendant estimates that "the fair market value for the vehicle with this mileage is $27,134.00." (*Id.* (citing Wynsma Decl., ¶ 5, Ex. C).) The difference between the sale price and the valuation when first presented for repair of the alleged defect is $17,199. (*Id.*)

---

[2] Defendant notes that most courts in this Circuit have concluded that MMWA does not include remedies such as civil penalties that are available under the Song-Beverly Act. (Dkt. No. 14 at 11.) *See Critney v. Nat'l City Ford, Inc.*, 255 F.2d 1146, 1148 (S.D. Cal. 2003).

11

Defendant further notes that the MMWA allows for recovery of attorneys' fees, and because the parties were unable to reach resolution after early efforts at settlement, Defendant avers that the statute allows for "reasonable estimates of past, present and future attorney's fees." (*Id.*)  Based on prior litigation against Plaintiff's counsel and demands in several recent motions to remand, Defendant asserts "that it is more likely than not that Plaintiff will seek at least $33,300.00 in attorneys' fees, even if this case resolves before trial." (*Id.* at 15.)  In addition, Defendant states that it is "more likely than not that Platiniff will seek at least $9,500 for costs incurred in this action prior to resolution." (*Id.*)  The figures total $69,934— well over the $50,000 threshold to support federal jurisdiction.

The sum of Defendant's estimated figures adequately demonstrates that it is more likely than not that the amount in controversy exceeds $50,000 and, therefore, meets the jurisdictional threshold necessary for federal jurisdiction.

**CONCLUSION**

The Court finds that Defendant's removal was timely under the 1-year removal period afforded under 28 U.S.C. 1446(c) and that Defendant has demonstrated by a preponderance of the evidence a reasonable probability that the amount in controversy exceeds the $50,000 requirement to support federal jurisdiction.  Accordingly, the Motion to Remand is DENIED.

DATED: March 9, 2026

HON. KAREN L. STEVENSON
CHIEF U.S. MAGISTRATE JUDGE

12